**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **NICOLE HECTOR,** | : | |
| Plaintiff | : | CIVIL ACTION NO. 3:16-0293 |
| v. | : | (JUDGE MANNION) |
| **BLUE CROSS OF NORTHEASTERN PENNSYLVANIA,** | : | |
| | : | |
| Defendant | : | |

**MEMORANDUM**

Pending before the court is the defendant's motion to partially dismiss the plaintiff's complaint. (Doc. 8). Based upon the court's review of the motion and the materials related thereto, the motion to dismiss will be **GRANTED IN PART AND DENIED IN PART.**

**I.    PROCEDURAL HISTORY**

On February 18, 2016, the plaintiff initiated the instant federal question action pursuant to Title I of the Americans with Disabilities Act of 1990, ("ADA"), 42 U.S.C. §12101, *et seq*, raising a claim of unlawful discrimination. The plaintiff has also alleged a violation of the Pennsylvania Human Relations Act ("PHRA")[1], 43 P.S. §951, *et seq*. The plaintiff is seeking declaratory and

---

[1]The "analysis of an ADA claim applies equally to a PHRA claim." Taylor v. Phoenixville Sch. Dist., 184 F.3d 296, 306 (3d Cir. 1999) (citing Kelly v. Drexel Univ., 94 F.3d 102, 105 (3d Cir. 1996)). Therefore, the court will
(continued...)

injunctive relief, as well as monetary damages.

On April 19, 2016, the defendant filed a motion to partially dismiss the plaintiff's complaint, with attached exhibits, pursuant to Fed. R. Civ. P. 12(b)(6). (Doc. 8). The defendant contends that the plaintiff has not adequately stated a claim for actual disability discrimination, and further, that the plaintiff should not be granted leave to amend her complaint on the grounds of futility. (Doc. 8, at pp. 3-6). On May 3, 2016, the defendant filed a brief in support of its motion. (Doc. 10). On May 11, 2016, the plaintiff filed a brief in opposition to the defendant's motion, (Doc. 12), and filed a supporting exhibit on June 1, 2016. (Doc. 16). The plaintiff contends that she has adequately stated a claim for actual disability discrimination as well as perceived disability discrimination. (Doc. 12, at p. 5). In the alternative, the plaintiff contends that she should be granted leave to amend her complaint if the court should find that she has not adequately stated her claim for actual disability discrimination. (Doc. 12, at p. 8). The defendant filed a reply brief in support of its motion to dismiss on May 31, 2016. (Doc. 15).

**II.   STANDARD OF REVIEW**

The defendant's motion to dismiss is brought pursuant to the provisions of Fed. R. Civ. P. 12(b)(6). This rule provides for the dismissal of a complaint,

---

[1](...continued)
consider both claims together.

in whole or in part, if the plaintiff fails to state a claim upon which relief can be granted. The moving party bears the burden of showing that no claim has been stated, Hedges v. United States, 404 F.3d 744, 750 (3d Cir. 2005), and dismissal is appropriate only if, accepting all of the facts alleged in the complaint as true, the plaintiff has failed to plead "enough facts to state a claim to relief that is plausible on its face, Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007) (abrogating "no set of facts" language found in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). The facts alleged must be sufficient to "raise a right to relief above the speculative level." Twombly, 550 U.S. 544, 127 S. Ct. at 1965. This requirement "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [necessary elements]" of the plaintiff's cause of action. Id. Furthermore, in order to satisfy federal pleading requirements, the plaintiff must "provide the grounds of his entitlement to relief," which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008) (brackets and quotations marks omitted) (quoting Twombly, 550 U.S. 544, 127 S. Ct. at 1964-65).

In considering a motion to dismiss, the court generally relies on the complaint, attached exhibits, and matters of public record. Sands v. McCormick, 502 F.3d 263 (3d Cir. 2007). The court may also consider "undisputedly authentic document[s] that a defendant attaches as an exhibit

to a motion to dismiss if the plaintiff's claims are based on the [attached] documents." Pension Benefit Guar. Corp. v. White Consol. Indus., 998 F.2d 1192, 1196 (3d Cir. 1993). Moreover, "documents whose contents are alleged in the complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered." Pryor v. Nat'l Collegiate Athletic Ass'n, 288 F.3d 548, 560 (3d Cir. 2002). However, the court may not rely on other parts of the record in determining a motion to dismiss. See Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1261 (3d Cir. 1994).

Generally, the court should grant leave to amend a complaint before dismissing it as merely deficient. See, e.g., Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 252 (3d Cir. 2007); Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000). "Dismissal without leave to amend is justified only on the grounds of bad faith, undue delay, prejudice, or futility." Alston v. Parker, 363 F.3d 229, 236 (3d Cir. 2004).

### III.    DISCUSSION

Accepting the plaintiff's allegations as true, as the court must do in considering the defendant's motion to dismiss, the plaintiff began working for the defendant corporation on January 4, 2009 as an Administrative Assistant in the Sales Department. (Doc. 1, at ¶9). She continued to work in this

position until March 2014, when she started her new position as a Credentialing Specialist, a position that was offered to her in August 2013. (Doc. 1, at ¶¶14-16). The plaintiff trained her replacement for the Administrative Assistant position while simultaneously training for her new position as a Credentialing Specialist. (Doc. 1, at ¶15).

Shortly after beginning her new position as a Credentialing Specialist, the plaintiff informed her supervisor, Debbie Granteed, in May or June of 2014, that she was being successfully treated for an anxiety disorder with Paxil. (Doc. 1, at ¶10). The defendant then began to treat the plaintiff differently. (Doc. 1, at ¶11). Specifically, the plaintiff alleges that she +++-received incomplete training for her new position in regard to the credentialing of M.D.'s and D.O.'s, as she had received an outdated Credentialing Manual from her employer. (Doc. 1, at ¶16). As a result of her incomplete training, her proficiency with the credentialing of M.D.'s and D.O.'s was not as good as her proficiency with the credentialing of Physical Therapists and Chiropractors, which was one hundred percent. (Doc. 1, at ¶17).

In August 2014, the plaintiff was put on a Performance Improvement Plan, during which she was asked if her "disability" was causing her performance issues. (Doc. 1, at ¶19). The plaintiff was terminated two months later. (Doc. 1, at ¶19).

The defendant, in its motion to dismiss, seeks to have dismissed the plaintiff's demand that the defendant is to be permanently enjoined from

5

retaliating against the complainant for exercising her rights under state and/or federal law contained in sub-paragraph "d" of the plaintiff's ad damnum clause. (Doc. 8, at p. 5). Plaintiff, in her opposition brief, concedes that she has not stated a claim for retaliation against the defendant, and as such does not object to striking sub-paragraph "d" of her ad damnum. (Doc. 12, at p. 9). Therefore, the defendant's motion will be granted in this respect, and sub-paragraph "d" of the plaintiff's ad damnum clause will be stricken.

The defendant next argues that the plaintiff has failed to adequately plead a claim for actual disability discrimination under the ADA. The ADA prohibits discrimination "against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. §12112(a). To establish a prima facie case of disability discrimination under the statute, the plaintiff must show: "(1) [s]he is a disabled person within the meaning of the ADA; (2) [s]he is otherwise qualified to perform the essential functions of the job, with or without reasonable accommodations by the employer; and (3) [s]he has suffered an otherwise adverse employment decision as a result of discrimination." Taylor v. Phoenixville School Dist., 184 F.3d 296, 306 (3d Cir. 1999) (citing Gaul v. Lucent Technologies, 134 F.3d 576, 580 (3d Cir. 1998)). The ADA defines a "disability" with respect to an individual as: "(a) a physical or mental impairment that substantially limits one or more major life activities

6

of such individual; (b) a record of such impairment; or (c) being regarded as having such an impairment." 42 U.S.C. §12102(1).

The defendant contends that the plaintiff has not adequately pleaded a claim for actual disability discrimination under the ADA. As noted previously, the Supreme Court has held that a pleading offering only "a formulaic recitation of the elements of a cause of action will not do." Phillips, 515 F.3d at 231 (quoting Twombly, 550 U.S. 544, 127 S. Ct. at 1964-65). The Supreme Court elaborated further in Ashcroft v. Iqbal, 556 U.S. 662 (2009), stating that where the facts pleaded "do not permit the court to infer more than a mere possibility of misconduct, the complaint has not 'shown' that the pleader is entitled to relief." Id. at 679.

The defendant argues that the plaintiff's actual disability discrimination claim fails because she did not request, and subsequently was not denied, a reasonable accommodation. (Doc. 10, at p. 4). The defendant relies on Armstrong v. Burdette Tomlin Memorial Hospital, 438 F.3d 240 (3d Cir. 2006), which dealt with the New Jersey Law Against Discrimination, not the ADA. Further, a plaintiff must only plead that he or she requested accommodations when alleging a failure to accommodate claim under the ADA. Taylor v. Phoenixville Sch. Dist., 184 F.3d at 313. Because the plaintiff is not alleging a failure to accommodate claim, the defendant's reliance upon Armstrong is misplaced.

However, the court agrees that the plaintiff has not alleged facts

7

sufficient to show she is entitled to relief on an actual disability discrimination claim. The plaintiff alleges in her complaint that she is a "qualified individual with a disability" under the ADA "because she has, and has had, at all times relevant hereto, a physical or mental impairment that substantially limits one or more of her major life activities, or because she has a record of such impairment." (Doc. 1, at ¶ 23). She also alleges that she is successfully being treated for an anxiety disorder. (Doc. 1, at ¶13). She does not, however, allege any facts regarding what major life activity is affected and how substantially it is affected by her disability. The Third Circuit in <u>Sulima v. Tobyhanna Army Depot</u> elaborated on what "substantially limited" means, relying on the regulations of the Equal Opportunity Employment Commission:

> The major life activities that the impairment must substantially limit are defined as "functions such as caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working." 29 C.F.R. §1630.2(I). Such an activity is "substantially limited" if the individual is "[u]nable to perform a major life activity that the average person in the general population can perform," or if she is "[s]ignificantly restricted as to the condition, manner or duration under which [the] individual can perform a particular major life activity as compared to the condition, manner, or duration under which the average person in the general population can perform that same major life activity." 29 C.F.R. §1630.2(J)(1)(I)-(ii).
>
> The following factors should be considered in determining whether an individual is substantially limited in a major life activity: (I) the nature and severity of the impairment; (ii) the duration or expected duration of the impairment; and (iii) the

>permanent or long term impact, or the expected permanent or long term impact of or resulting from the impairment. 29 C.F.R. §1630.2(j)(2)(I)-(iii).

Sulima v. Tobyhanna Army Depot, 602 F.3d 177, 185 (3d Cir. 2010).

The plaintiff, in her brief in opposition to the defendant's motion, relies on Fowler v. UPMC Shadyside, 578 F.3d 203 (3d Cir. 2009). The Third Circuit in Fowler directly addressed the post-Iqbal pleading standards in the context of a disability discrimination claim. The court held that a plaintiff "is not required, at this early pleading stage, to go into particulars about the life activity affected by her alleged disability or the nature of her substantial limitations." Fowler, 578 F.3d at 213. The court in Fowler further explained that a plaintiff satisfies the pleading requirements for a disability discrimination claim by identifying an impairment of which the defendant was aware, alleging that the impairment constitutes a disability under the statute, and alleging facts that plausibly suggest a substantial limitation in a major life activity. Id. See also Creasy v. Novelty, Inc., Civil Action No. 4:04-2296, 2005 WL 1652441, *2 (M.D. Pa. July 6, 2005), Popko v. Penn State Milton S. Hershey Medical Center, et al., No. 1:13-CV-01845, 2014 WL 35008077, *5 (M.D. Pa. July 14, 2014) (dismissing an ADA disability discrimination claim on the basis that the plaintiff merely pleaded facts suggesting a diagnosis of an anxiety disorder rather than facts suggesting he was substantially limited in a major life activity).

In the present case, while it is not required that the plaintiff plead the

specifics of the life activity affected by her disability or detail the nature of her substantial limitations, the plaintiff has not alleged any facts that would plausibly suggest a substantial limitation in a major life activity. The plaintiff simply alleges the legal conclusion that she is a "qualified individual with a disability" because she is substantially limited in one or more major life activities, (Doc. 1, at ¶ 23), and that she is successfully being treated for an anxiety disorder. (Doc. 1, at ¶13). Nowhere in her complaint does the plaintiff allege facts to support the inference that she is substantially limited in any major life activity. The plaintiff has not properly alleged in her complaint that she has a "disability" under the ADA. Accordingly, the plaintiff does not allege facts in her complaint to support the first element of the prima facie case of actual disability discrimination.

Moreover, as to the second prima facie element, a job's "essential functions" are defined in 29 C.F.R. §1630.2(n)(1) as those that are "fundamental," not "marginal." Several factors are considered to distinguish between the two, "including: (1) whether the performance of the function is the 'reason the position exists;' (2) whether there are a 'limited number of employees available among whom the performance of that job function can be distributed;' and (3) whether the function is 'highly specialized so that the incumbent in the position is hired for his or her expertise.'" Skerski v. Time Warner Cable Co., a Div. of Time Warner Entertainment Co., L.P., 257 F.3d 273, 279 (3d Cir. 2001) (quoting 29 C.F.R. §1630.2(n)(2)).

In the complaint, the plaintiff states that she "was at all times able to perform the essential functions of her job . . ." (Doc. 1, at ¶ 21). There are no additional facts that allege whether or not her performance is the "reason the position exists," whether there were others who were able to perform the job, or whether the plaintiff was hired because of her expertise. Without factual support for the legal conclusion that the plaintiff has stated, the second element of the prima facie case for actual disability discrimination has not been adequately pleaded.

Because the plaintiff has not adequately pleaded a claim for actual disability discrimination under the ADA and, in turn, under the PHRA, the defendant's motion to partially dismiss the complaint with regard to the actual disability discrimination claim will be granted.

In its motion, the defendant next argues that the plaintiff should not be permitted to amend her complaint on the grounds of the doctrine of futility. (Doc. 8, at ¶ 33). The defendant argues that the plaintiff's complaint filed with the Equal Opportunity Employment Commission ("EEOC") is identical to her Middle District complaint, and as such does not state a claim for actual disability discrimination. (Doc. 8, at ¶¶ 26-27).

The Third Circuit has stated that "[a]mong the grounds that could justify a denial of leave to amend are undue delay, bad faith, dilatory motive, prejudice, and futility." Shane v. Fauver, 213 F.3d 113, 115 (3d Cir. 2000) (quoting In re Burlington Coat Factory, Sec. Litig., 114 F.3d 1410, 1434 (3d

Cir. 1997)). Amending a complaint would be futile if the complaint, as amended, would still fail to state a claim upon which relief can be granted. Shane v. Fauver, 213 F.3d at 115. See also Katzenmoyer v. City of Reading, 158 F.Supp.2d 491, 497 (E.D. of Pa. 2001).

The defendant is correct that the plaintiff may only plead facts contained within the scope of the EEOC investigation. (Doc. 8, at ¶ 30). However, the Third Circuit has held that the scope of the civil action is "defined by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination." Hicks v. ABT Associates, Inc., 572 F.2d 960, 966 (3d Cir. 1978) (quoting Ostapowicz v. Johnson Bronze Co., 541 F.2d 394, 398-399 (3d Cir. 1976). Further, if the EEOC investigation is too narrow, a plaintiff "should not be barred from raising additional claims in district court." Hicks v. ABT Associates, 572 F.2d at 1026.

Here, the court finds that a reasonable investigation of the plaintiff's charge as filed would have encompassed an actual disability discrimination claim. The plaintiff's complaint states that she has exhausted her administrative remedies, as she "received an EEOC Dismissal and Notice of Rights dated November 27, 2015." (Doc. 1, at ¶ 8). A copy of the EEOC Notice of Charge of Discrimination, (Doc. 8, Ex. 2, at p. 2), shows that the plaintiff alleged "disability" as the circumstances of the discrimination. In the plaintiff's Exhibit A attached to her brief, (Doc. 16), the Employer Statement made by the defendant to the EEOC states that the "[c]harging party was not

terminated because of a disability or a perception of a disability by BCNEPA." (Doc. 16, at p. 3). Although there are no documents in the record that indicate whether the EEOC investigated a charge of both perceived disability discrimination and actual disability discrimination, or just a perceived disability discrimination charge, a reasonable investigation would have included a claim of actual disability discrimination. The defendant's motion will be denied with respect to the plaintiff being permitted to amend her complaint. Accordingly, the plaintiff will be permitted to amend her complaint to state a claim for actual disability discrimination under the ADA and the PHRA.

**IV.   CONCLUSION**

In light of the foregoing, the defendants' motion to partially dismiss the plaintiff's complaint, (Doc. 8), will be **GRANTED IN PART AND DENIED IN PART.**  An appropriate order shall issue.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Date:  September 19, 2016**
O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2016 MEMORANDA\16-0293-01.wpd